Filed 6/27/16  P. v. Ruelas CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT RUELAS,<br><br>    Defendant and Appellant. | H043158<br>(Monterey County<br>Super. Ct. No. SS130847A) |

Defendant Robert Ruelas appeals from a judgment terminating his probation and sentencing him for inflicting corporal injury on a spouse or cohabitant (Pen. Code, § 273.5, subd. (a))[1] and violating a protective order (§ 166, subd. (c)(4)).  The charges arose from defendant's violent conduct toward his former girlfriend, for whom there was already an active restraining order against him, and from his subsequent failure to report to probation and to obey all laws.  We will affirm the judgment.

### *Background*

Defendant was originally charged on April 30, 2013 with four felonies:  assault with force likely to produce great bodily injury (§ 245, subd. (a)(4), count1); dissuading a witness by force or threat (§ 136.1, subd. (c)(l), count 2); inflicting corporal injury on spouse or cohabitant, A.R. (§ 273.5, subd. (a), count 3); and knowingly violating a protective order and stay-away order (§ 166, subd. (c)(4), count 4).  Attached to count 3 was a special allegation that defendant had suffered a prior conviction of violating former

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

section 273.5, subdivision (e)(1). Count 4 included an allegation that defendant had been convicted of violating section 166, subdivision (c)(l) or section 273.6, subdivision (a), within seven years of the current offense.

On May 7, 2013, pursuant to a negotiated disposition, appellant pleaded no contest to counts 3 and 4, admitted the prior section 273.5 conviction, and admitted at least three prior convictions under section 166.

On June 6, 2013, the court suspended imposition of sentence and placed appellant on formal probation for three years on specified conditions, including staying away from A.R. and serving 81 days in county jail, with credit for time served of 81 days. The court then dismissed counts 1 and 2.

On January 15, 2015, appellant's probation officer filed a petition under section 1203.2, alleging that defendant had violated his probation by failing to report to probation and by failing to obey all laws. According to the petition, defendant had been deported to Mexico in October 2013. On December 9, 2013, he had been convicted of illegal reentry following deportation and was currently in federal custody.

At a hearing on November 17, 2015, defendant waived his right to a formal hearing on the petition and admitted both of the alleged violations. At the ensuing sentencing hearing, however, defendant sought reinstatement of probation. His attorney explained that defendant had failed to report because he mistakenly believed that once he completed his sentence for the illegal reentry, he was not on probation for this case. In addition, defendant disputed the probation officer's statement that he had admitted being back in contact with A.R.

The trial court was not persuaded. It believed that defendant had "clearly been in touch with" the A.R., who had been "tortured" by defendant for years, and who was "in fear for her safety on a regular basis." At the January 5, 2016 hearing the court ruled that "this time . . . there aren't any chances left" and denied probation. After considering the

2

factors in aggravation and mitigation,[2] the court imposed a sentence of four years, the midterm, for count 3, and reinstated a $560 restitution fine that had previously been suspended. Credits of 204 days were allowed (102 actual, 102 good time/work time), calculated at 50 percent. Defendant then filed a timely notice of appeal.

Appointed appellate counsel has filed an opening brief that states the case and the facts but raises no issues. Defendant was notified of his right to submit written argument on his own behalf, and he has submitted a letter in response. Defendant now claims that he did not have contact with A.R. as alleged in the petition to revoke probation. However, defendant did not procure a certificate of probable cause to assert this contention (§ 1237.5); furthermore, he admitted the probation violation and is bound by his admission. Defendant also complains that he was awarded less than half the credits to which he was entitled. However, the court awarded him the maximum amount of credit that was available, pursuant to section 2900.5.

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, 123-124, we have carefully reviewed the entire record and have concluded that there are no arguable issues on appeal.

The judgment is affirmed.

---

[2] The court noted that count 3 involved great violence, great bodily harm, and "a high degree of cruelty, of viciousness or callousness"; that there was planning and sophistication involved; that his violent conduct indicated that he was a serious danger to society; that he had numerous prior convictions as an adult, that he was on probation when the crime was committed; and that his prior performance on probation was unsatisfactory. In mitigation, the court recognized that defendant had voluntarily acknowledged wrongdoing at an early stage.

_____

ELIA, ACTING P.J.

WE CONCUR:

_____

BAMATTRE-MANOUKIAN, J.

_____

MIHARA, J.